UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CALVIN WASHINGTON,

                    Petitioner,          07 Civ. 7769 (DAB)
                                         ADOPTION OF REPORT
            v.                           AND RECOMMENDATION

DALE ARTUS, Superintendent,

                    Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

        On March 29, 2013, United States Magistrate Judge Frank Maas

issued a Report and Recommendation ("Report"), recommending that

pro se Petitioner's Petition for a Writ of Habeas Corpus be

denied. (Report at 1, 33.) On April 23, 2013, Petitioner filed an

Objection to the Report.  Respondent submitted an untimely letter

on December 10, 2013.  For the reasons set forth below, the Court

APPROVES, ADOPTS, and RATIFIES the Report in its entirety.

Accordingly, the Petition is DENIED.


I.    BACKGROUND

        The background and Magistrate Judge's findings in this case

are set out in great detail in the Report.  Familiarity with the

Report is assumed, and this Order recounts the facts only to the

extent necessary for the resolution of Objections thereto.

        Petitioner's first trial in the shooting death of Thomas

Cabrera Jr. resulted in a mistrial.  In a second trial, a jury

found Petitioner guilty of murder in the second degree.  During trial, four witnesses testified about Petitioner's whereabouts when the murder occurred.  While there were inconsistencies among them about what the gunman was wearing and the path the gunman took, two witnesses identified Petitioner in a lineup as the shooter.

Before the second trial began, defense counsel indicated that he would not contest rulings made by the judge in the previous trial, including testimony regarding gangs.  Mid-trial, however, defense counsel objected to such testimony; the trial court consequently conducted an extensive hearing regarding the proposed gang-related testimony, resulting in the court deciding to rule on such objections on a case-by-case basis.  The trial court allowed testimony regarding gang signals and colors. Witnesses testified about Petitioner and the victim being members of rival gangs.  In particular, evidence was introduced that Petitioner was wearing red while the victim was wearing yellow, that Petitioner once greeted people by displaying gang hand signs, and that, months prior to the murder, Petitioner refused to get into an elevator when the victim was already in it. During the jury charge, the trial court gave limiting instructions regarding the gang testimony.

After Petitioner filed the instant Petition, his appellate

counsel filed a motion in New York state court seeking to vacate his conviction on grounds of newly-discovered evidence.  Three witnesses, Witnesses A, B, and C, alleged someone else shot the victim.  The state court, however, determined that their testimony was not credible, explaining its rationale at length. Because of their credibility and the evidence presented at the second trial, the state court determined that their testimony was not likely to change the verdict if a new trial were granted and thereby denied Petitioner's motion.

II.  DISCUSSION

    A.   Standard of Review for a Report and Recommendation

    A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions.  28 U.S.C. § 636(b)(1)(B); accord Fed. R. Civ. P. 72(b)(1).  "Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C).  A court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record.  DiPilato v. 7-Eleven, Inc., 662 F. Supp.

2d 333, 339 (S.D.N.Y.2009).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks and alterations omitted). After conducting the appropriate levels of review, a court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). Nonetheless, courts generally do not allow pro se parties to litigate matters in their objections that were not presented to the magistrate judge. See, e.g., Sidney v. Caron, No. 09 Civ. 1326, 2012 WL 4380392, at *6 (N.D.N.Y. Sept. 25, 2012); Odom v. Kerns, No. 99 Civ. 10668, 2008 WL 2463890, a *5 (S.D.N.Y. June 18, 2008); Morgan v. Barnhart, No. 04 Civ. 6024, 2005 WL 2338709, at *1 (S.D.N.Y. 2005).

4

**B.   Petitioner's Objections to the Report**

Petitioner makes four objections to the Report, namely that the lineup was unduly suggestive, gang-related testimony was improperly admitted, he was convicted despite an insufficiency of evidence, and he is actually innocent.  The Court has reviewed the uncontested portions of the Report for clear error and finds none.

**1.   Admission of Lineup Evidence**

Petitioner argues that the Report erred in determining he failed to demonstrate the lineup was unduly suggestive.  (Obj. 1-3.) Petitioner, however, makes the same claims he did before Magistrate Judge Maas.  (Compare Second Am. Pet. 5-6 and Reply 6-7 with Obj. 1-3.) Accordingly, this Objection only triggers clear error review, and this Court finds none.

**2.   Admission of Gang-Related Evidence**

Petitioner objects to the Report's determination regarding his claims relating to the gang-related evidence.  Although he argues that there was insufficient evidence to establish gang membership or to show that the shooting was gang-related, these claims merely rehash those made before Magistrate Judge Maas.  (Compare Second Am. Pet. 7-8 and Reply 7-9 with Obj. 4-5.) The

5

Court finds no clear error in the Report's findings.

Petitioner also claims the Report erred in determining that the trial court properly weighed the probative value against the prejudicial impact of the gang-related testimony. (Obj. 5.) Petitioner contends the Report overlooked the fact that the trial court did not conduct the requisite balancing test but instead determined gang-related testimony was admissible because the first trial court allowed such testimony. (Obj. 5-6.) The trial court, however, made no such determination. Instead, after an extensive hearing regarding the proposed gang-related testimony, the trial court explained,

> I see no reason to change Judge Barone's ruling based
> upon the fact that Mr. Cabrera, Senior, did not testify
> to a relatively innocuous statement regarding the
> ethnicity of the deceased. So the testimony is
> permissible. [Petitioner's attorney], if you wish to
> object to testimony as it comes in . . . [,] I should
> rule on it question by question or even per area.

(Tr. 482-83.) The trial court then considered each objection individually. (See, e.g., Tr. 493, 495, 503-05.) Accordingly, the Report correctly determined that the trial court weighed the probative value of the testimony against its prejudicial impact.

Next, before Magistrate Judge Maas, Petitioner generally argued that the limiting instructions given during the jury charge were insufficient to cure any prejudice held against gang members. (Reply 9.) The Report determined, "The Appellate

6

Division also correctly held that the 'court's limiting instruction minimized the potential for prejudice.'"  (Report 27 (quoting <u>People v. Washington</u>, 812 N.Y.S.2d 525, 527 (1st Dep't 2006)).) Petitioner challenges the Report's finding because the trial court "did not instruct the jurors that they should not allow feelings of prejudice or bias about gangs and gang members to enter into their deliberations."  (Obj. 6.) While more specific than his Petition's argument, and despite the liberal reading of his Objection, Petitioner merely rephrases his contention made before Magistrate Judge Maas.[1]  Thereby, this Objection is reviewed for clear error; the Court finds none.

Finally, Petitioner contends the Report erred in explaining that the Supreme Court has not determined whether using "prior crimes or bad acts" to show criminal propensity would violate Due Process.  (Report 28 (quoting Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991)).) In making his Objection, Petitioner cites to only pre-Estelle law.  Upon de novo review, the Report correctly explained that the Supreme Court has not resolved whether using prior crimes or bad acts to show criminal propensity violated Due

---

[1] **This determination is reinforced by the fact that Petitioner's claim was argued before and rejected by the Appellate Division, a decision that the Report deemed correct. <u>Washington</u>, 812 N.Y.S.2d at 527.  <u>Compare</u> Obj. 6 <u>with</u> Respondent's Ex. 4, at 14-15.**

Process.  See Estelle, 502 U.S. at 75 n.5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); see also Allaway v. McGinnis, 301 F. Supp. 2d 297, 300 (S.D.N.Y. 2004) ("[T]he Supreme Court has not yet clearly established when the admission of evidence of prior crimes under state evidentiary laws can constitute a federal due process violation.").

Accordingly, for the reasons set forth above, Petitioner's claim regarding the allegedly improper admission of gang-related evidence is DENIED.


### 3.   Sufficiency of the Evidence

Petitioner next objects to the Report's finding that there "is no basis to disturb the jury's verdict based on the alleged insufficiency of the evidence."  (Report 31.) In making his Objection, Petitioner reasserts the same factual arguments and case law he asserted before Magistrate Judge Maas.  (Compare Second Am. Pet. 8-10 and Reply 1-5 with Obj. 7-8.)  Accordingly, the Court reviews for clear error and finds none.


### 4.   Actual Innocence Claim

A credible actual innocence claim "may allow a prisoner to

pursue his constitutional claims . . . on the merits
notwithstanding the existence of a procedural bar to relief."
McQuiggin v. Perkins, 569 U.S. – , 133 S.Ct. 1924, 1931 (2013).
"[P]risoners asserting innocence as a gateway to defaulted claims
must establish that, in light of new evidence, 'it is more likely
than not that no reasonable juror would have found petitioner
guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518,
536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).
However, the Supreme Court has not "resolved whether a prisoner
may be entitled to habeas relief based on a freestanding claim of
actual innocence" absent a constitutional violation. McQuiggin,
133 S.Ct. at 1931; DiMattina v. United States, – F. Supp. 2d. – ,
2013 WL 2632570, at *27 (E.D.N.Y. June 13, 2013) (collecting
cases demonstrating that the Second Circuit "has apparently not
ruled on whether a [freestanding] claim of actual innocence is
cognizable").  The burden for a freestanding actual innocence
claim "would necessarily be extraordinarily high." Herrera v.
Collins, 506 U.S. 390 U.S. 390, 417 (1993); House, 547 U.S. at
555 (explaining to prevail on a freestanding claim "requires more
convincing proof of innocence than Schlup").

Here, the Report noted that Petitioner failed to demonstrate
an independent constitutional violation.  The Report then
explained that a freestanding actual innocence claim is not

cognizable on habeas review, but even if it were, Petitioner's claim would fail under the Herrera standard.  (Report 31-33.) Petitioner asserts that the Report should have employed the Schlup standard instead of the Herrera one.  Because, as previously explained by this Court and the Report, no constitutional violations occurred, the Report correctly applied the Herrera standard.[2]

Construing Petitioner's argument liberally and raising the strongest argument he suggests, Petitioner also asserts that the Report erred in finding that, assuming a freestanding actual innocence claim is cognizable on habeas review, Petitioner did not qualify for relief.  (Obj. 9-10.) In particular, he contends that the Report disregarded the aggregate effect of Witnesses A, B, and C in further demonstrating the inconsistencies among the trial witnesses, such that no reasonable juror would have found

---

[2] Respondent contends that Petitioner's sufficiency of evidence constitutional claim was procedurally barred.  The Report nevertheless rejected Petitioner's claim without reaching the issue of whether it was defaulted.  (Report 29 n.10.) Because a successful claim of actual innocence would serve as a gateway to considering the merits of Petitioner's sufficiency claim if it was procedurally barred, see Schlup, 513 U.S. at 315 and McQuiggin, 133 S.Ct. at 1931-32, Petitioner already has received the full benefit what of an actual innocence claim would bear under the Schlup standard, a consideration of his sufficiency of the evidence claim on the merits.

him guilty beyond a reasonable doubt.[3]  However, the Report did not discuss that aggregate effect because Magistrate Judge Maas noted that Witnesses A, B, and C were inherently unreliable and therefore could not be a basis for sustaining an actual innocence claim.  See Schlup, 513 U.S. at 328 (explaining that courts must evaluate an actual innocence claim "in light of all the evidence . . . (but with due regard to any unreliability of it)").  While there were inconsistencies among the trial witnesses' testimony, because Witnesses A, B, and C lacked credibility, Petitioner has not demonstrated actual innocence under the Herrera standard; moreover, a reasonable juror could find Petitioner guilty if presented with the testimony of Witnesses A, B, and C in addition to the evidence presented at trial.

Accordingly, the Report correctly recommended that Petitioner is not entitled to relief based on his actual innocence claim.


III. CONCLUSION

Having conducted the appropriate levels of review, this Court APPROVES, ADOPTS, and RATIFIES the Report and

---

[3] Petitioner also restates his previous submissions in arguing that he satisfies the threshold for actual innocence. (Compare Obj. 9-10 with Pet.'s Reply 11-15.)

11

Recommendation of United States Magistrate Judge Frank Maas, dated March 29, 2013 in its entirety.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).  The Clerk of the Court is directed to dismiss the petition with prejudice and to close the docket in this case.


SO ORDERED.

Dated:    New York, New York

          February 25, 2014


                              _Deborah A. Batts_
                              Deborah A. Batts
                        United States District Judge

12